**UNITED STATES of America,**
**Appellee,**

v.

**Peter FLEURY, Defendant–Appellant.**

**Docket No. 01–1190.**

United States Court of Appeals,
Second Circuit.

March 27, 2002.

David Samel, New York, NY, for Appellant.

Leslie C. Brown, Assistant United States Attorney, (Celeste L. Koeleveld on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present PIERRE N. LEVAL, SONIA SOTOMAYOR, Circuit Judges, and REENA RAGGI, District Judge.*

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Peter Fleury appeals from a conviction after a jury trial for the following offenses: 1) armed bank robbery, 18 U.S.C. § 2113; 2) use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c); and 3) illegal possession of a firearm, 18 U.S.C. § 922(g)(1). The defendant contends first that his conviction for armed bank robbery should be reversed because the evidence failed to satisfy the requirement of 18 U.S.C. § 2113(a) that the defendant act "by intimidation" in robbing money from a bank. Second, he asserts that the district court erred in finding him competent to stand trial.

Defendant's claim that the evidence was insufficient to satisfy the intimidation requirement of 18 U.S.C. § 2113(a) is without merit. The district court charged the jury that "[t]he phrase 'intimidating manner' means that the defendant did or said something that would make an ordinary person fear bodily harm." The evidence at trial showed that the defendant entered the bank wearing a black ski mask and ran at and vaulted over the barrier separating the teller area. While trying to leave the bank premises, the defendant pulled a gun on a bank employee who was blocking the

---

* The Honorable Reena Raggi, United States District Judge for the Eastern District of New York, sitting by designation.

revolving door to prevent the defendant from escaping. This evidence was sufficient to support a reasonable finding of intimidation.

 As to defendant's contention that the district court erroneously determined him competent, we find no error. Pursuant to 18 U.S.C. § 4241, the district court directed defendant to undergo a psychological evaluation. Although defendant was unresponsive to several questions asked during the evaluation, the psychologist nevertheless concluded that he was competent to stand trial. Following a competency hearing, the district court found the defendant competent, based on the testimony of defense counsel, the psychological evaluation report, and the court's own observations of the defendant. Immediately after trial, the court reaffirmed its finding of defendant's competency, noting that it "saw no evidence to suggest at any point that he was not competent, that he was unable to understand or participate in a meaningful way in these proceedings or that he was unavailable to his counsel for consultation." When defense counsel again raised the issue of defendant's competency before sentencing, the district court agreed to counsel's request for a psychiatric evaluation. The psychiatrist found no evidence of incompetency. With the benefit of this additional evaluation, the district court again concluded that defendant was competent to stand trial and that he remained competent at the time of sentencing. On this evidence, we cannot say that the district court's findings were clearly erroneous. *See United States v. Nichols,* 56 F.3d 403, 411 (2d Cir.1995).